(73 South. 715)

No. 22126.

## CITY OF NEW ORLEANS v. SHULER.

(Dec. 11, 1916.    Rehearing Denied Jan. 15, 1917.)

*(Syllabus by Editorial Staff.)*

MUNICIPAL CORPORATIONS ⬤⟾680, 681(1) — STREETS—OBSTRUCTIONS—POWERS OF CITY.

By New Orleans City Charter, giving the city all powers, privileges, and functions which pursuant to the Constitution could be granted to or exercised by any city, the Legislature has delegated to the city the power to license or prohibit placing gasoline storage tanks under sidewalks with the pump at the edge of the walk.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1459–1466; Dec. Dig. ⬤⟾680, 681(1).]

Appeal from First Recorder's Court of New Orleans; John J. Fogarty, Recorder.

William Shuler was convicted of a violation of a city ordinance, and appeals. Affirmed.

L. A. Morphy, of New Orleans, for appellant. John F. C. Waldo, Asst. City Atty., I. D. Moore, City Atty., and George F. Bartley, Asst. City Atty., all of New Orleans, for appellee.

PROVOSTY, J. Those engaged in selling gasoline to passing automobiles in the city of New Orleans put their gasoline pump on the outer edge of the sidewalk in front of their premises and bury the supply tank under the sidewalk. The defendant had one of these gasoline stations when the city adopted an ordinance forbidding under penalty of a fine this use of the sidewalks unless by permission of the council; this permission to be obtained upon the condition, among others, of the payment of a fee to the city yearly.

Defendant refused to pay this fee, was prosecuted and fined, and has appealed.

His contention is that the city can exercise only such authority as has been delegated to her by the Legislature, and that authority to impose a charge for the use of the sidewalk, or, in other words, to lease a part of the sidewalk, has not been so delegated.

The charter of the city contains the following provisions:

"The city shall also have all powers, privileges and functions which, by or pursuant to the Constitution of this state, have been, or could be, granted to or exercised by any city.

"The legislative, executive and judicial powers of the city shall extend to all matters of local and municipal government, it being the intent thereof that the specifications of particular powers by any other provision of this charter shall never be construed as impairing the effect of the general grant of powers of local government hereby bestowed."

In City of New Orleans v. Le Blanc, 139 La. 113, 71 South. 248, this court said:

"It would be impossible to express more emphatically than by the language thus used the intention to confer upon the city all the power that it is competent for the General Assembly to confer upon any municipal corporation."

Therefore, if it was competent for the Legislature to confer the authority in question, it has done so; and the defendant, far from contesting the power of the Legislature in the premises, asserts it.

Judgment affirmed.