## ROME et al. v. LONDON & LANCASHIRE INDEMNITY CO. OF AMERICA.*

### No. 14930.

Court of Appeal of Louisiana. Orleans.

Oct. 29, 1934.

176

For former opinion, see 156 So. 64.

Henican & Carriere, of New Orleans, for appellants.

Rene A. Viosca and Miller, Bloch & Martin, all of New Orleans, for appellees.

JANVIER, Judge.

In our original opinion (156 So. 64) we reached the conclusion that there might be liability in New Orleans City Park Improvement Association for loss resulting from negligence or defective equipment in the New Orleans City Park, if it could be shown that the association, in the operation of the swimming pool, had engaged in private business, and we felt that, since the charter of that association might be construed as giving the right to engage in private business, we should not overlook the allegation to the effect that the pool was being operated for private gain and the possible inference therefrom that the association, in the operation of the pool, was, to some extent, engaged in conducting a private enterprise.

■ A more careful review of Act No. 130 of 1896, which is the statute through which and through which alone the association has derived any right to conduct and manage the park, leads to the inevitable conclusion that, whatever rights as to private business the said association may have, or may have been granted in its charter, it cannot conduct any such business in the New Orleans City Park, and that whatever operations it conducts within the park are conducted under the mandate from the state itself to conduct the said park and everything in it for and on behalf of the state.

We are confirmed in our view that the association, in maintaining and operating the New Orleans City Park, acts as the agent of the state itself by the recognition given to this fact by the Legislature of this state in Act No. 104 of 1934, which adds a new section (71) to Act No. 159 of 1912, and which refers to the said association as having been "heretofore designated by Act 130 of 1896 as the agent of the State of Louisiana to manage and control said New Orleans City Park." Section 1.

We expressed in our original opinion the view that there can be no liability for acts of municipalities or their governmental agencies committed while acting in a governmental and not in a proprietary capacity, and we also expressed the view that this rule is not altered even where a charge is made for governmental service rendered, if the charge inures to the benefit of the agency and to the maintenance of its facilities, or the conduct of its affairs.

■ Since we feel that, under the statute granting it the authority to manage and conduct the New Orleans City Park, the association could not do otherwise than conduct the said park in a governmental and not in a proprietary capacity, and since it could not conduct in the said park any private business, and since it is required to apply all revenues to the conduct of the said park and the maintenance of the facilities therein contained, it follows that there can be no liability ex delicto for loss or damage resulting from its said operations.

It follows that the exception of no cause of action, which was sustained below, is well founded.

It is therefore ordered, adjudged, and decreed that the decree rendered by us on the 28th day of June, 1934, be and it is recalled and annulled, and it is now ordered, adjudged, and decreed that the judgment appealed from be and it is affirmed, and plaintiffs' suit is dismissed at their cost.

Original decree recalled.

Judgment of trial court affirmed.

Our attention having been called to the fact that the above decree dismisses plaintiffs' suit at their cost, although the suit was filed under the Pauper Act of this state, Act No. 156 of 1912, as amended:

It is therefore ordered that the decree be so amended as to relieve the appellant from the payment of costs in accordance with the provisions of the said act.