For the reasons assigned, the rule is dismissed at relators' cost.

194 So. 893

## PLACID OIL CO. v. HEBERT et al.

### No. 35333.

March 4, 1940.

John H. Overton, Jr., of Alexandria, for defendant appellant State Mineral Board.

C. T. Munholland, of Monroe, for defendant appellee T. & J., Inc.

ROGERS, Justice.

In the year 1937, T. & J., Inc., a Louisiana corporation, obtained two mineral leases covering parts of certain streets in the Town of Tullos, a municipal corporation created and operating under the provisions of Act 136 of 1898. One of the leases was granted by the municipality itself and the other lease was granted by the heirs of Henry Tullos, Sarah Tullos and Frank Tullos. Acting under the authority of the leases, T. & J., Inc., drilled four oil wells on the property, all of which proved to be producers of oil in commercial quantities. The oil was sold to Placid Oil Company, a Delaware corporation and pipe line purchaser of oil. The proceeds of the oil from the time of production to September 1, 1938, amounted to $7,323.06, after deducting the necessary costs of treating the oil to make it marketable.

In October, 1938, the Placid Oil Company, availing itself of the provisions of Act 123 of 1922, filed suit in the Eighth Judicial District Court for the Parish of LaSalle, impleading T. & J., Inc., the Town of Tullos, the heirs of the original owners of the soil, the proprietors of the abutting property, and the State Mineral Board.

In its suit, the Placid Oil Company asked for judgment permitting it to deposit in the registry of the court the proceeds accrued and that will accrue from the operation of the oil wells, to be paid to the claimants as their interests might appear. The Placid Oil Company made the State Mineral Board a party to its suit because the Board, which was created by Act 93 of 1936, is vested with exclusive authority to execute mineral leases upon any land belonging to the State, or title to which is in the public at the time of the execution of mineral leases on such property.

The State Mineral Board, answering plaintiff's petition, set up that under the provisions of Act 93 of 1936, neither the Town of Tullos nor any of the other named defendants had title to the property from which the oil was produced; that they were not vested with authority to execute mineral leases thereon, and that the leases were void. The State Mineral Board further set up that title to the streets of a municipality is in the public and that, by virtue of the provisions of Act 93 of 1936, the Board is vested with authority to lease land belonging to the State, or title to which is in the public, and to take any action necessary for the protection of the public's interest; that, therefore, the Mineral Board has full authority to obtain for the State the proceeds derived from the sale of the oil produced from the wells drilled in the streets of the Town of Tullos.

The other parties defendant excepted to the petition of the Placid Oil Company as failing to disclose any cause or right of action so far as the petition relates to the State Mineral Board.

After the waiver by the State Mineral Board of any objection to the form of procedure, the exceptions were heard and sustained, and the claim of the State Mineral Board was dismissed. The State Mineral Board has appealed. T. & J., Inc., and the heirs of Henry and Sarah Tullos have

answered the appeal, asking that the judgment of the district court be affirmed.

As shown by his written reasons for judgment on file in the record, the judge of the district court sustained the exceptions of no right or cause of action upon two grounds, viz., first, the provisions of Act 93 of 1936, creating the State Mineral Board, do not apply to the streets of a municipality, and, second, neither the allegations of the petition of the Placid Oil Company, nor the answer of the State Mineral Board disclose any act of donation of the streets, or the creation of any servitude thereon by the original owner of the property in favor of the Town of Tullos.

■ The correctness of the ruling on the first ground on which the exceptions of no right or cause of action were sustained must be determined from the construction of Act 93 of 1936 which created the State Mineral Board and defined its powers and the duties. The mere reading of this act shows that its provisions do not contemplate that the State Mineral Board should be authorized to lease the streets of a municipality for the production of oil, gas or other minerals. The authority of the Board is set forth in sections 4 and 9 of Act 93 of 1936. Under section 9, the Board is given supervision of all mineral leases granted by the State, with power to take any lawful action for the protection of the interests of the State. Under section 4, the authority of the Board is expressed as follows: "The Board is hereby vested with full authority to lease any lands belonging to the State or the title to which is in the public, including rights of way, road-beds, lake and river beds and other bottoms, lands adjudicated to the State at tax sale, and any other lands and water bottoms by whatever title acquired * * * under the terms and conditions hereinafter set forth."

The scope of the act is stated in section 14 as follows: "The provisions of this Act shall extend to the public roads, canals, and other rights of way or easements, the title to which is in either the State or the parishes. Where road beds belonging to the parishes are leased by the Board, such leases shall provide for the payment to the parish in which the production is had of at least one-sixteenth royalty of the minerals produced, to be used by the police jury for public purposes. * * *"

Section 4 vests the State Mineral Board with authority "to lease any lands belonging to the State or the title to which is in the public," and because of the use of the words, "the title to which is in the public," the State Mineral Board argues that it is vested with the right to claim the proceeds derived from the operation of four wells on two of the streets in the Town of Tullos, the title to which is alleged to be in the public.

■ The title referred to in the act is explained by the act itself as embracing "rights of way, road-beds, lake and river * * * bottoms, lands adjudicated to the State at tax sale, and other lands and water bottoms by whatever title acquired." § 4. This obviously refers to property owned or acquired by the State for its use and benefit and not to property owned by or used for the benefit of any subdivi-

sion of the State. Under section 14 of the act, however, its provisions are extended to the parishes so far as concerns public roads, canals, and other rights of way or easements, title to which is in the parishes. The inclusion of parishes, which are subdivisions of the State, and the exclusion of municipalities, which are also subdivisions of the State, from the provisions of Section 14, indicates that it was not the legislative intention to bring the municipalities of the State within, the terms of the act.

■ The legislature may delegate to a municipality the control and regulation of its streets. New Orleans v. Calamari, 150 La. 737, 91 So. 172, 22 A.L.R. 106; New Orleans v. Shuler, 140 La. 657, 73 So. 715. Where such control is granted to a municipality, the legislative intent to revoke the grant, or to redelegate the control to another public agency, must clearly appear from the provisions of the legislative act relied on as doing either of those things.

■ By the provisions of the Lawrason Act, under which the Town of Tullos was created and is operating, the municipality is vested with the exclusive control of its streets. Act 136 of 1898, paragraphs 14, 19, 20, 21, 22 and 29 of section 15, and paragraph 5 of section 16. Nowhere in Act 93 of 1936 is the right granted to a municipality by Act 136 of 1898 to control its streets taken away and given to the State Mineral Board. Neither in express terms nor by implication do the provisions of Act 93 of 1936 authorize the State Mineral Board to lease the streets of a municipality for the production of oil, gas or other minerals.

■ One of the contentions of the State Mineral Board is that the Town of Tullos. is itself not given the right under its charter to lease or to permit encroachments upon its streets, and numerous cases are cited in support of the contention. Since the State Mineral Board is not vested with any control over the streets of the municipality, it is clearly without interest to raise the question involved in its contention.

Another contention of the State Mineral Board is that the State has full control of all public property, and that the legislature, by the adoption of Act 93 of 1936, has given the Board the right to lease, or to protect such public property; that as, the streets of the municipality are public property, the Board is vested with the right to grant mineral leases thereon and to protect the interest of the State therein. In support of this contention, the State Mineral Board relies upon Articles 453, 454 and 458 of the Civil Code.

■ Article 453 enumerates a number of things that are public, but the streets of a municipality are not embraced in this enumeration. Article 454 relates to streets which, being for the common use of a city or other place, are characterized as public things. Article 458 divides things which belong in common to inhabitants of cities and other places into two classes. One of these classes embraces streets, which are declared to be common property, to the common use of which all the inhabitants of cities and other places are entitled. The codal articles are not appropriate to this case. If, as contended by the State Mineral Board, the articles are sufficient to vest in the State the control of the streets

of a municipality, it is clear that so far as concerns the Town of Tullos, the State, under the Lawrason Act, has delegated that control to the municipality. The dominion of the Town of Tullos over its streets is not impaired by the provisions of Act 93 of 1936, creating the State Mineral Board. And we may observe in passing, that under Act 160 of 1936 a municipality is authorized to grant mineral leases upon lands belonging to such municipality.

Having reached the conclusion that the first ground on which the ruling on the exceptions was predicated is correct, we do not find it necessary to discuss the second ground on which the ruling was based, viz., that the allegations of the pleadings of the Placid Oil Company and the State Mineral Board do not show that the Town of Tullos is vested with a fee title to its streets, a prerequisite to the establishment in any party of a sufficient interest upon which to base a mineral grant.

For the reasons assigned, the judgment appealed from is affirmed.

HIGGINS, J., absent.