JANVIER, Judge.
This mandamus proceeding was brought by the State Civil Service Commission of Louisiana in an effort to compel the Audubon Park Commission and the members thereof to comply with the regulations and rules of the Civil Service Commission of the State of Louisiana rather than with the regulations and rules of the City Civil Service Commission of the City of New Orleans with which the said association has been complying.
The City of New Orleans intervened and joined with the Audubon Park Commission in its effort to prevent the issuance of the writ of mandamus.
The matter is now before us on appeal by the State Civil Service Commission from a judgment of the Civil District Court for the Parish of Orleans denying the writ of mandamus.
In written reasons for judgment the Judge of the Civil District Court clearly set forth the issues, and, since we are in accord with the reasons given by him, we now set them forth as follows:
*922 “Petitioners bring this rule to show cause why a writ of mandamus should not issue against the Audubon Park Commission and its commissioners, alleging that it is the duty of the Audubon Park Commission and its commissioners to comply with the provisions of Article XIV, Section 15, of the Constitution [LSA] and the rules and regulations of the Civil Service Commission thereunder.
“The petition relates that the Audubon Park Commission was created by Act 191 of 1914 and that under said act the commissioners were authorized to employ agents and employees as such be required.
“The petition alleges that the Civil Service Amendment places in the ‘State Service’ or ‘Civil Service of the State’ all offices and positions of trust or employment of the state or any department, independent agency or other agency, board or commission thereof; also all officers and positions of trust or employment in the employ of both state and federal agencies administering state and/or federal funds; joint state and municipal agencies financed by state and/or municipal funds, except municipal boards of health; joint state or parochial agencies financed by state and/or parochial funds; irrespective of whether the pay for such offices and positions of trust or employment is to be paid with state or municipal or parochial funds or with funds contributed jointly by the state and/or municipalities and/or parishes involved.
“The petition alleges that the Audubon Park Commission employs a large number of persons whose positions are in the classified service and that they are entitled to the rights, privileges and benefits afforded them by the Civil Service Amendment and the rules and regulations adopted pursuant thereto, and that it is the duty of the Audubon Park Commission and its commissioners to comply with and abide by the Civil Service Amendment and the rules issued thereunder, which the petition alleges that the commissioners have ignored and refused to do.
“The petition alleges, further that on April 24, 1956, the State Civil Service Commission issued a formal order, which is annexed to the petition, requiring the commissioners to forthwith comply with the amendment and the rules and regulations of the State Civil Service Commission.
“The Audubon Park Commission and the City Civil Service Commission pleaded non-joinder of parties defendant, stating that the City Civil Service Commission was not made a party to this suit. The intervention of the City Civil Service Commission into this proceeding disposes of this exception. Exceptions of no right of action and no cause of action were referred to the merits of the case.
“There is in the record a stipulation to the effect that it is the duty of the Audubon Park Commission to comply with Article XIV, Section 15, of the Constitution and the rules and regulations issued thereunder either by the State Civil Service Commission or by the City Civil Service Commission; therefore the exception based upon the proposition that there is no allegation in the petition to the effect that the Audubon Park Commission is a state commission and its employees in the State Civil Service will be overruled.
“There were exceptions of improper procedure levelled at the right of the Civil Service Commission to proceed by mandamus. The Constitution, at Article XIV Section 15, provides that any valid regulation or order of the State or City Civil Service Commission shall be enforceable in the courts of this state by mandamus; therefore this exception was overruled.
“The Audubon Park Commission employs a number of persons whose positions under the Civil Service Amendment are in the classified service. The sole question to be decided in this case is whether the Audubon Park Commission is a department, independent agency or other agency, board or commission of the State of Louisiana within the meaning of Paragraph (A) (2) *923 of Article XIV, Section 15, of the Constitution.
“The pertinent paragraphs are as follows :
“(A) (2) State Service. ‘State Service’ or ‘Civil Service of the State’ means all offices and positions of trust or employment in the employ of the State or any department, independent agency or other agency, board or commission thereof (Such as Dock Boards and all Boards of Commissioners, Levee and Drainage Boards and Commissions, Housing Authorities, Court House Commission of New Orleans, State Hospitals, Board of Supervisors of Louisiana State University and Agricultural and Mechanical College), and shall also include all offices and positions of trust or employment in the employ of joint State and Federal agencies administering State and/or Federal funds; joint state and municipal agencies financed by state and/or municipal funds, except municipal boards of health; joint state or parochial agencies financed by state and/or parochial funds; irrespective of whether the pay for such offices and positions of trust or employment is to be paid with state or municipal or parochial funds or with funds contributed jointly by the state and/or municipalities and/or parishes involved.
“(A) (3) City Service. ‘City Service’ or ‘Civil Service of the City’ means all offices and positions of trust or employment in the employ of the city, or any department, independent agency or other agency, board or commission thereof, including City Boards of Health, or corporations organized for public purposes, any part of the stock of which is owned or controlled by the city, and persons employed by city or joint federal and city agencies administering city and federal relief and other funds, other than the military and naval service, irrespective of whether the pay for such offices and positions of trust or employment be paid out of the City Treasury, either in whole or in part.
“The Audubon Park Association was first incorporated under the laws of the State of Louisiana as a non-profit corporation, by act before Sámuel Flower, Notary Public, on June 20, 1894, and the charter of the association provides that the Mayor and the Commissioners of Public Works, Police and Public Buildings of the City of New Orleans, are to serve ex-officio.
“Act 130 of 1896 provides that the Audubon Park Association would take charge of the supervision of the park for its preservation and improvement for public recreation as a place of resort and pleasure for the citizens of New Orleans. The act provides for the financing of the association out of city funds.
“By Act 191 of 1914, the Legislature created the present Audubon Park Commission. It will be noted that all these acts were special or local acts. Act 191 of 1914 provides that the Audubon Park Commission be composed of 24 citizens, property taxpayers of the City of New Orleans, appointed by the Mayor by and with the consent of the Commission Council; and the act provides, further, for financing of the Audubon Park Commission out of the proceeds of the sale of bonds issued by the City of New Orleans.
“By Act 171 of 1940 [LSA-R.S. 33:-2391 et seq.] and Act 30 of 1946, the Legislature created a civil service system for cities with a population over 100,000, and the Civil Service Amendment to the Constitution, enacted in 1952, states: ‘All existing laws relating to State or City Civil Service are continued in force and effect so far as not in conflict herewith.’ (Const. Art. XIV, Sect. 15(P) (6)’.
“Act 171 of 1940, Sect. 10 (LSA-R.S. 33:2401) provides in part that the unclassified service shall include the following persons: (4) Members of Boards, Authorities, Commissions appointed by the Governing body of the City. (5) Members and employees of the Board of the New Orleans City Park Improvement Association.
*924 “It could hardly be said that the Legislature would have placed the members of the Board of the Audubon Park Commission under the unclassified City Civil Service and intend that the employees be under the classified State Civil Service.
“As previously stated, the Audubon Park Commission was first created by private charter, by act before Samuel Flower, Notary Public, on the 20th day of June, 1894, and at that time the charter provided that the Mayor and the Commissioners of Public Works, Police and Public Buildings, would be ex-officio members of the Board of Directors. By Act 191 of 1914, a commission known as the Audubon Park Commission was created and entrusted with the management and control of Audubon Park. Its members are appointed by the Mayor; by and with the consent of the Commission Council; they must be citizens and property taxpayers of New Orleans; and the financing of the operation of the park is provided for out of city funds.
“It is the opinion of this court that this commission is a municipal commission and that its employees are subject to the City Civil Service and not that of the State.”
We think it should be noted that it is stipulated that the employees of the Audubon Park Commission, in accordance with civil service laws, are within the protection afforded by State Civil Service, or are within the protection afforded by City Civil Service, and, so far as we can ascertain from the record or from counsel, the protection afforded to those classified employees is substantially the same whether they remain as they have been for sixteen years, under City Civil Service, or are transferred, as the relator demands, to classified State Civil Service.
We deem it advisable, though we fully agree with the reasons given by the District Judge, to consider and discuss further certain contentions made in brief and stressed in oral argument before us.
The issues are well stated in the brief filed on behalf of the Audubon Park Commission as follows:
“The sole question presented on this appeal is whether the Appellee, the Audubon Park Commission, is a department, independent agency or other agency, board or commission of the State of Louisiana within the meaning of Paragraph (a) (2) of Article XIV, Section 15 of the Constitution of the State of Louisiana. Appellee’s position in the Court below was that the Audubon Park Commission was an independent or semi-independent municipal commission and that, as such, its employees were in the classified Civil Service of the City of New Orleans as provided for in Article XIV, Section 15(a) (3) of the Constitution.”
Counsel for the State Civil Service Commission has asserted that the jurisprudence in general in other jurisdictions, to some extent, preponderates in favor of the view that the “control of public parks belongs primarily to the State.” And he maintains further that ordinarily the operation of such a park as the Audubon Park should be considered not as a governmental function of a municipality.
He further contends that the fact that Audubon Park is entirely within the limits of the City of New Orleans; the fact that the Commissioners of the Audubon Park Commission are appointed by the Mayor; the fact that the members of the Commission are required by the act which created the Commission (Act 191 of 1914) to be property taxpayers of the City of New Orleans, and are appointed by the Mayor, with the advice and consent of the City Council, and the further fact, that all funds for the operation of the park are provided by the city and that the bonds, which by that act are authorized to be issued, must be retired by funds produced by the City of New Orleans, do not necessarily con *925 stitute the said Audubon Park Commission as a city agency. That particular question seems to have been thoroughly considered and discussed by our Supreme Court in State ex rel. Porterie v. Walmsley, 183 La. 139, 162 So. 826, in which, by a divided court, it was held that similar facts did not constitute the Sewerage and Water Board, which was there involved, a city agency. That decision and others lead us to the conclusion that, in similar situations involving local boards and agencies, the State which created the municipality and which created such a board may declare such a board or commission to be an agency of the State, but that when this is intended, the intention must be made evident by the pertinent legislation. This is indicated by the decision of the Supreme Court in Placid Oil Co. v. Hebert, 194 La. 788, 194 So. 893, 895, in which the Supreme Court held that, though streets of municipalities are public things “the title to which is in the public,” the statute (Act 93 of 1936) vesting in the State Mineral Board authority to lease lands belonging to the State, or the title to which is in the public, did not refer to city streets, since that statute did not expressly so declare or did not by necessary implication accomplish that result. It may be noted that the author of a comment orí that case in 14 Tulane Law Review, at page 145, seems to disagree with that conclusion. We take that decision and others to mean that, in such situations, though the State may declare such board or commission a state agency, it must do so in terms which clearly indicate that intention.
When we come to consider the legislation which is here involved and to reach a conclusion as to the meaning of that legislation, we find it necessary to commence our discussion with a reference to Act 130 of 1896 which determined the method of controlling and managing the Audubon Park and the City Park, both entirely within the limits of the City of New Orleans. By that act there were recognized as the governing authority for those parks the New Orleans City Park Improvement Association and the Audubon -Park Association. Notwithstanding certain statements in another statute to which we shall refer and in spite of language used by us in our decision in Rome v. London & Lancashire Indemnity Co. of America, 157 So. 175, there is nothing in that act which to any extent declares that those associations are agencies of the State rather than of the city.
And there is an additional fact which indicates, we think, that it was not the purpose of the Legislature, at any rate at that time (1896) to make those associations State agencies, since it will be noted that that statute was treated as having purely local effect, notice of the intention to introduce and to pass' a local statute having been given in accordance with the requirements of Article 48 of our then Constitution, that of 1879.
So far as the Audubon Park Commission is concerned, the next legislation we find on the subject is Act 191 of 1914 which was a local statute, “due notice having been given in accordance with the requirements of Article 48 of the Constitution.” This statute created the “Audubon Park Commission for the City of New Orleans”. It provided that the commission should consist of “twenty-four citizens, property taxpayers of the City of New Orleans, to be appointed by the Mayor,” etc., and also provided for the issuance of bonds to be known as “Audubon Park Bonds of the City of New Orleans” and in that statute there was nothing which in any way indicated that the said Audubon Park Commission was to be considered as a State agency.
We next find that, in 1940, by Act 171 which was amended by Act 30 of 1946, there was created a civil service system for cities with populations of more than 100,000 per-' sons. Pursuant to the provisions of these statutes a civil service system was established in the City of New Orleans, and since that time (16 years ago) employees of the Audubon Park Commission have been within the. classified civil service of the city.
*926 It was provided'in that statute, Act 171 of 1940, that the unclassified civil service should include “members of boards, authorities or commissions appointed by the * * governing body of the city,” obviously including within the unclassified service of the City Civil-Service Commission the members of the Board of the Audubon Park Commission.
It was also provided that the “classified service shall comprise all other positions now existing or hereafter created in the City service.”
There can be no doubt that, as a result of that act of 1940, employees of the Audubon Park Commission were properly within the classified service of the City Civil Service Commission.
We next consider the constitutional amendment of 1952, which is the general civil service amendment providing for a civil service system throughout the State, and we find that in that amendment, which is Article XIV, Section 15 (P), par. (6), it is provided that
“All existing laws relating to the State or City Civil Service System are continued in force insofar as not in conflict herewith, subject to the power of the Legislature to amend or repeal such laws, or adopt new laws, provided said amendments or new laws are supplementary and not in conflict herewith.”
It thus becomes apparent that the city employees within the City Civil Service System were not by that amendment transferred to State Civil Service. If, when that amendment was adopted by the people, those employees were within classified' city civil service, they remained so after the amendment became effective.
Counsel for relator places great reliance on the fact that the City Park Improvement Association has placed its employees under state civil service and maintains that there is no distinction between the employees 'of the City Park and those of Audubon Park. The distinction seems to us to lie in the fact that in 1934 there was enacted Act 104 which placed the bed, waters and banks of Bayou St. John under the jurisdiction of the City Park Improvement Association and stated that that association, by Act 130 of 1896, had been designated as the agent of the State of Louisiana. That Act (104- of 1934) also provided that the City Park Improvement Association, “as the agent of the State of Louisiana,” should have full power to manage and control the City Park. There is no similar statute which refers to the Audubon Park Commission as the agent of the State of Louisiana.
The declaration in the Act of 1934, that the act of 1896 designated the City Park Improvement Association as the agent of the State, would be important if true, for that same act of 1896 is concerned with both the Audubon Park and the City Park. But, as already shown, there is nothing in the act of 1896 which states that either the City Park Improvement Association or the Audubon Park Association is an agency of the State of Louisiana. This statement, made for the first time with reference to City Park in Act 104 of 1934, lead us to say in Rome v. London & Lancashire Indemnity Co. of America, La.App., 157 So. 175, 176, that the City Park Improvement Association
“in maintaining and operating the New Orleans City .Park, acts as the agent of the state itself by the recognition given to this fact by the Legislature of this state in Act No. 104 of 1934, which adds a new section (71) to Act No. 159 of 1912, and which refers to the said association as having been ‘heretofore designated by Act 130 of 1896 as the agent of the State, of Louisiana to manage and control said New Orleans City Park.’ Section 1.”
We did not then notice that there is nothing in the Act of 1896 which so declares and our statement, that the City *927 Park Improvement Association is an agency of the State, was actually based on our belief that possibly it is made such a state agency by the Act of 1934, not by the Act of 1896.
Another argument of counsel for relator is that the contention of the Audubon Park Commission, that it is an agency of the city rather than the State of Louisiana, is not consistent with the contention taken by it in Bourg v. Audubon Park Commission for City of New Orleans, La.App., 89 So.2d 676, 677, since in that case the Commission maintained that the City of New Orleans lacked authority to adopt a certain ordinance which, to some extent, affected Audubon Park. In that case we said that the argument of the Audubon Park Commission was that the city was
“incapable of adopting such an ordinance in view otf the militant provisions of Section 3 of Act No. 191 of 1914, which created and gave full control of Audubon Park to the Commission; * * * >>
In making that contention, the Audubon Park Commission did not assert that the Commission was an agency of the State, but merely maintained that it was an independent agency created by the State to operate the park, but that it was under the supervision of the City of New Orleans by reason of the fact that its members were named by the Mayor and its funds provided by the city. As a matter of fact, we held that the city had the authority to adopt the ordinance which was referred to, but that that ordinance had no application at that particular time nor in that particular place.
A final contention of the relator is that the Audubon Park Commission cannot be claimed by the city to be an agency of the City of New Orleans, since it was not referred to in the so-called Home Rule Charter, which was a constitutional amendment proposed by Act 551 of 1950, LSA-Const. art. 14, § 22 and adopted by the vote of the people.
It is true that the Audubon Park Commission was not expressly referred to in that constitutional amendment, but it is true, too, that many other boards and commissions were not referred to. Furthermore, it should be noted that, although the State, in LSA-R.S. 56:1684, et seq., created the State Parks Commission of Louisiana and provided for the control and operation of many State parks, such as Chicot State Park, Fontainebleau State Park, Chemin-A-Haut State Park, Longfellow-Evangeline State Park, Fort McComb, Fort Pike and Bogue Falaya State Park, it made no reference whatever to the Audubon Park in New Orleans.
Our conclusion is that the Audubon Park Commission is an independent agency of the City of New Orleans and not of the State of Louisiana.
Accordingly the judgment appealed from is affirmed.
Affirmed.