BYRNES, Judge.
This is an appeal from a ruling, granting injunctive relief in favor of the Audubon Park Commission (hereinafter called APC) prohibiting the Civil Service Commission *1296 for the City of New Orleans (hereinafter called the CSC) from requiring the APC to issue its payroll checks through the city wide resource allocation management system (hereinafter called RAMS).
The issues presented on this appeal are whether the CSC is impowered under Article X of the Louisiana Constitution of 1974 to control the payroll fund and disbursements to the employees of the APC and whether the CSC has promulgated the appropriate rules that would authorize them to require the APC to become a part of the RAMS system.

Louisiana Constitution of 1974 Article X, Sec. 10(A)(1)

Provides; each commission is vested with broad and general rule-making and subpoena powers for the administration and regulation of the classified service, including the power to adopt rules for regulating employment, promotion, demotion, suspension, reduction in pay, removal, certification, qualification, political activities, employment conditions, compensation, and disbursements to employees and other personnel matters and transactions; to adopt a uniform pay and classification plan; to require an appointing authority to institute an employee training and safety program; and generally to accomplish the objectives and of the merit system of civil service herein established. It may make recommendations with respect to employee training and safety. Nothing herein shall prevent the legislators from enacting laws supplementing these uniform pay plans for sworn, commissioned law enforcement officers of the Division of State Police, Department of Public Safety and regularly commissioned officers of the Enforcement Division of the Department of Wildlife and Fisheries.
It is clear to this court that Art. X does indeed give the CSC powers to adopt rules controlling the disbursement of the City Agencies payrolls. Article X’s broad language gives each commission broad and general powers to administer and regulate the classified service including the power to adopt rules for regulating compensation and disbursements to employees, and other personnel matters and transactions.
Pursuant to this broad rule making power granted by the Constitution, the CSC has a set of rules pertaining to independent agencies of the City of New Orleans.[1]
Rule X of the CSC, entitled “Records”, is a generalized statement of the respective duties of the director of the CSC as well as the various appointing authorities of the various agencies.[2]
*1297 Section 1.1 of Rule X states, “It shall be the duty of each appointing authority to install a system of payroll and attendance records. It shall be the duty of the Director to advise and assist appointing authorities in establishing systems of payroll and attendance records. Rather than submit his payroll records to the RAMS system, the Director of the Audubon Park Zoo, the appointing authority, submits his payroll to APC’s own private accounting firm. From this, is generated the payroll checks for the APC employees as well as a tally sheet which is forwarded to the Director of the CSC, after each pay period. The Director of the CSC, in a laudable attempt to streamline the record keeping of the CSC, has instituted the RAMS system.
Ostensibly under Rule X, Sec. 1.1 of the CSC rules, the words advise and assist read in the context of the Rule do not mean mandate. However, we must note that the CSC has the right to promulgate or amend Rule X, and once done, it would be enforceable as to the APC. In light of this, we find no authority in these rules, either express or implied, which currently gives the CSC powers to mandate that APC relinquish their payroll functions to the RAMS system.
Accordingly, we affirm the lower court decision.
GULOTTA, J., respectfully dissents and assigns reasons.

. State Civil Service Commission v Audubon Park Commission, 99 So.2d 920.
This court held that the Audubon Park Commission was an independent agency of the City of New Orleans, and therefore the Audubon Park Commission falls under the jurisdiction of the Civil Service Commission.

. Rule X CSC. Sec. 1.1, 1.2, 1.3, 2.1, 4.1,
1.1,It shall be the duty of each appointing authority to install a system of payroll and attendance records. Each payroll shall show the name of the employee, the official class title, the period for which payment is proposed, the rate of pay, and the amount of proposed payment. Such system or systems shall be so designed as to facilitate the maintenance of adequate personnel records and to eliminate duplication of accounting and reporting to the fullest extent practicable. It shall be the duty of the Director to advise and assist appointing authorities in establishing systems of payroll and attendance records.
1.2, The appointing authority shall certify on each payroll or subsidary document, which shall be made available to the Director of Personnel, the fact of continuance of authorization, employment of a person in a position, the fact of the actual rendering of service in the position or absence of duty with pay on duly authorized leave, the actual number of hours of attendance on duty or other satisfactory way of describing the time worked in the payroll period.
1.3, No payment for personal services shall be made by any department or fiscal officer thereof to any employee in the classified civil service of the City until after certification by the Director that such payment is authorized and is in conformity with these rules. The Director constitutes certification within the meaning of this rule.
2.1, The Director shall prescribe forms on which appointing authorities shall certify the fact of lawful creation of a position. The Director shall also indicate on these forms the proper allocation of the position and the *1297 rate of pay at which payment is to be made. When submitted to the Director of Finance, in the case of those departments where the Director of Finance prepares departmental payrolls are not prepared by the Director of Finance, these forms shall constitute authorization for the initial placement of the name of the person on a payroll. No person shall then be removed from a payroll, except in accordance with the Law and Rules.
4.1, The Director may, from time to time, examine departmental payrolls and related records to determine whether of not the persons on such payrolls have been appointed, transferred, reinstated, continued or otherwise employed in violation of any provision of the Law and Rules or are being paid at a rate other than the duly authorized rate.