KIRBY, Judge.
 

 |! Defendant, David J. Margulis, appeals the January 28, 2008 trial court judgment sustaining the peremptory exception of no cause of action as to the amended third party demand, and dismissing with prejudice the claims of Mr. Margulis against
 
 *534
 
 Shea Embry and Cai*olyn Mangham. Mr. Margulis also appeals the trial court judgment rendered on September 14, 2007 granting the motion for partial summary judgment and exception of prematurity filed by plaintiffs, 831 Bartholomew Investments-A, L.L.C., 831 Bartholomew Investments-B, L.L.C., 837 Bartholomew Investments-A, L.L.C. and 837 Bartholomew Investments-B, L.L.C. (collectively referred to as “831 and 837 Bartholomew”), and the trial court judgment rendered on September 21, 2007 denying plaintiffs’ motion for new trial.
 

 On May 2, 2007, plaintiffs, 831 and 837 Bartholomew, filed a Petition for Temporary Restraining Order, Preliminary and Permanent Injunctive Relief and Declaratory Judgment against Mr. Margulis. Plaintiffs are the owners of properties located at 831-33 and 837 Bartholomew Street in New Orleans, having purchased these properties on September 20, 2006. Mr. Margulis occupies the property at J_2837 Bartholomew Street and has been paying rent to plaintiffs pursuant to an agreement he originally entered into with the property’s former owners, William and Fanaafi Chapman, on March 1, 2006. When plaintiffs acquired ownership of 837 Bartholomew Street, they granted two mortgages on this property in favor of their lender and the seller.
 

 In plaintiffs’ petition, they note that it is Mr. Margulis’ contention that the lease agreement between the parties is a bond for deed contract entitling him to obtain ownership of the property at the expiration of the agreement. Mr. Margulis told plaintiffs that he would invoke Louisiana’s bond for deed statutes to have the two mortgages cancelled on or after May 7, 2007 unless plaintiffs agreed to release their mortgages. Plaintiffs alleged that Mr. Margulis is not entitled to have these mortgages cancelled and requested a preliminary injunction prohibiting him from taking such action. Plaintiffs’ position is that the instrument executed between Mr. Margulis and the former owners of the property is not a bond for deed agreement as that term is defined under Louisiana law. Alternatively, plaintiffs contended that even if the agreement is construed as a bond for deed agreement, Mr. Margulis cannot seek to cancel any mortgages in favor of another party until such time as he acquires ownership and title to the property.
 

 In addition to injunctive relief, plaintiffs requested a declaratory judgment declaring that the agreement at issue is a lease with an option to purchase the property at 837 Bartholomew Street, and that the contract is vitiated and the parties restored to their original positions because there has been no meeting of the minds | Sas to the execution of the agreement. Plaintiffs also requested a declaration that the agreement be limited to the property located at 837 Bartholomew Street.
 

 Shortly thereafter, the parties entered into a consent judgment, agreeing to dismiss plaintiffs’ motions for temporary restraining order, preliminary and permanent injunctive relief as moot. They further agreed that Mr. Margulis would take no action to cancel the sale to plaintiffs or the mortgages granted by plaintiffs in favor of First American Bank and William and Fanaafi Chapman as to the properties located at 831-833 and 837 Bartholomew Street pending final resolution of the issues raised in plaintiffs’ action for declaratory judgment. Plaintiffs agreed not to sell to any third party (defined as a party other than Shea R. Embry, Carolyn A. Mangham or any juridical entity owned by them) or mortgage the above-mentioned properties pending final resolution
 
 *535
 
 of the issues raised in plaintiffs’ action for declaratory judgment.
 

 Mr. Margulis then filed a reconventional demand for breach of contract and the enforcement of the bond for deed against the plaintiffs in the main demand, 831 and 837 Bartholomew, and against Shea Em-bry and Carolyn Mangham, who were not plaintiffs in the main demand. Ms. Em-bry and Ms. Mangham are alleged to be the managers of the four investment companies named as defendants in the recon-ventional demand. In the reconventional demand, the defendant/plaintiff-in-recon-vention, Mr. Margulis, asked for judgment for breach of contract by default on the bond for deed and for an order of enforcement of the bond for deed by specific performance requiring the companies represented by Ms. Embry and Ms. |,tMangham to transfer title to the properties located at 831-833 and 837 Bartholomew Street. Mr. Margulis also asked for attorney’s fees, penalties, costs, interest and any other remedy allowed by law. As an alternative to his request for specific performance, Mr. Margulis asked for damages, attorney’s fees, penalties, costs, interest and any other remedies allowed by law.
 

 The parties named as defendants in the reconventional demand filed exceptions to the demand. The plaintiffs in the main demand, 831 and 837 Bartholomew, filed an exception of prematurity as to the re-conventional demand. Ms. Embry and Ms. Mangham, who are not plaintiffs in the main demand but were brought into this action as defendants in the reconventional demand, filed a peremptory exception of no cause of action as to the third party demand. Their counsel noted that even though the pleading against Ms. Embry and Ms. Mangham was captioned as a reconventional demand, it is actually a third party demand as to them because they are not plaintiffs in the main demand.
 

 In arguing that the reconventional demand against 831 and 837 Bartholomew is premature, those parties contend that even if the agreement at issue is a bond for deed contract, which they argue it is not, the reconventional demand should be dismissed because specific performance would not be available until the agreement expired in March 2008. Ms. Embry and Ms. Mangham sought dismissal of the third party demand against them because neither was a party to any agreement or acts of sale for the properties that are the subject of this litigation. Furthermore, they argue that the parties to the agreement were separate [ .juridical entities and, as such, Ms. Embry and Ms. Mangham are not liable individually.
 

 831 and 837 Bartholomew also filed a motion for partial summary judgment based on their contention that the purported agreement between William and Fanaa-fi Chapman is not a bond for deed contract as that term is defined in Louisiana; rather, the agreement is a lease with an option to purchase and plaintiffs have not exercised that option. Specifically, they argued that the agreement is not a bond for deed contract because it contains no term providing for the transfer of title at the conclusion of the agreement, there is no provision for appointment of an escrow agent, and the agreement clearly contemplates a lump sum payment at its conclusion rather than the payment of the purchase price over periodic installments.
 

 On September 14, 2007, the trial court rendered judgment granting plaintiffs’ motion for partial summary judgment, finding, as a matter of law, that the March 1, 2006 agreement between William and Fanaafi Chapman and David J. Margulis is not a bond for deed contract. The trial court also sustained the excep
 
 *536
 
 tion of no cause of action filed by third party defendants, Shea Embry and Carolyn Mangham, and dismissed without prejudice the third party demand against those parties. The court allowed Mr. Margulis thirty days from the date of the judgment to file an amended third party demand against Ms. Embry and Ms. Mangham. The trial court also sustained the exception of prematurity filed by defendants-in-reconvention, 831 and 837 Bartholomew, and dismissed without | r,prejudice the reconventional demand filed by defendant, David J. Margulis. Mr. Margulis filed a motion for new trial, which was denied by the trial court in a judgment dated September 21, 2007.
 

 On October 15, 2007, Mr. Margulis filed an amended third party demand against Ms. Embry and Ms. Mangham. In the amended demand, Mr. Margulis alleged that the actions of Ms. Embry and Ms. Mangham, in their efforts to acquire the properties located at 831-833 and 837 Bartholomew Street from April 2006 until September 21, 2006, were unfair, deceitful, fraudulent and in violation of La. R.S. 51:1401
 
 et seq.
 

 Third party defendants Ms. Embry and Ms. Mangham filed a peremptory exception of no cause of action as to the amended third party demand filed by Mr. Margu-lis. In their exception, Ms. Embry and Ms. Mangham argued that Mr. Margulis’ amended third party demand still fails to state a cause of action against them.
 

 On January 28, 2008, the trial court rendered judgment sustaining the third party defendants’ peremptory exception of no cause of action, and dismissed with prejudice the amended third party demand against Ms. Embry and Ms. Mangham. On March 7, 2008, Mr. Margulis filed a motion for devolutive appeal from the January 28, 2008 judgment. His motion for appeal was granted on that same date.
 

 On April 3, 2008, Mr. Margulis filed an amended motion for devolutive appeal. In that amended motion, Mr. Margulis clarified that the scope of his devolutive appeal encompassed “all rulings and decisions issued in this matter, | including the final Judgment signed on January 28, 2008, the interlocutory Judgments rendered on September 14, 2007 and September 21, 2007, denying the Motion for New Trial and Reconsideration of the Court’s September 7, 2007 rulings granting the Plaintiffs Motion for Partial Summary Judgment and sustaining the Plaintiffs Exception of Prematurity, and any other rulings by the court.” The trial court issued an order on May 7, 2008 granting Mr. Margulis’ amended motion for devolu-tive appeal.
 

 After this appeal was lodged, the plaintiffs, 831 and 837 Bartholomew, filed a Motion for Partial Dismissal of Appeal for Lack of Jurisdiction as to the trial court judgments of September 14, 2007 and September 21, 2007. Mr. Margulis filed an opposition to the motion, and the plaintiffs filed a reply brief thereto. We find that plaintiffs’ motion has merit.
 

 The trial court erred in granting Mr. Margulis’ amended motion for devolutive appeal of the September 14, 2007 and September 21, 2007 judgments because neither of those judgments resolved all of the claims brought by the 831 and 837 Bartholomew against Mr. Margulis, and neither judgment was designated as a final, ap-pealable judgment by the trial court as required by the provisions of La. C.C.P. article 1915(B) relative to the appeal of partial summary judgments.
 
 [1]
 
 After the
 
 *537
 
 parties agreed to dismiss plaintiffs’ motions for temporary restraining order, preliminary and permanent injunctive relief as moot, the only remaining action from the original demand was plaintiffs’ action for declaratory judgment. In |sthat action, plaintiffs sought a declaration that the agreement at issue is a lease with an option to purchase the property at 837 Bartholomew Street, and that the contract is vitiated and the parties restored to their original position because there has been no meeting of the minds as to the execution of the agreement. Plaintiffs also requested a declaration that the agreement is limited to the property located at 837 Bartholomew Street.
 

 In the September 14, 2007 judgment, the trial court held that the March 1, 2006 agreement is not a bond for deed contract, but did not define the nature of the agreement or address plaintiffs’ other requests in its action for declaratory judgment. The September 21, 2007 judgment was merely a denial of the Mr. Margulis’ motion for new trial and reconsideration filed in response to the September 14, 2007 judgment. Therefore, other issues in the main demand are still pending in the trial court. For these reasons, we grant the motion of 831 and 837 Bartholomew, and dismiss Mr. Margulis’ appeal of the September 14, 2007 and September 21, 2007 interlocutory judgments for lack of jurisdiction.
 

 Mr. Margulis timely appealed the trial court’s January 28, 2008 judgment, which is a final, appealable judgment pursuant to La. C.C.P. article 1915(A). The January 28, 2008 judgment is the only judgment properly presented for appellate review. Five of Mr. Margulis’ six assignments of error pertain to rulings made by the trial court in its September 14, 2007 and September 21, 2007 judgments. Because of our ruling that this Court lacks jurisdiction to consider Mr. Margulis’ appeal of those two interlocutory judgments at this time, the five assignments of |9error pertaining to rulings made in those judgments will not be considered in this opinion, including the ruling that the agreement at issue is not a bond for deed.
 

 In the only assignment of error relating to the trial court’s January 28, 2008 judgment, Mr. Margulis argues that the trial court erred in granting the exception of no cause of action as to the amended third party demand because this pleading on its face sets out a cause of action under La. C.C. article 1953, the Louisiana Limited Liability Statute at La. R.S. 12:1301
 
 et seq.,
 
 and the Louisiana Unfair Trade Practices Act (“LUTPA”) at La. R.S. 51:1401
 
 et seq.
 
 In
 
 Ramey v. DeCaire,
 
 2003-1299, pp. 7-8 (La.3/19/04), 869 So.2d 114, 118-119, the Louisiana Supreme Court set forth the law regarding the peremptory exception of no cause of action as follows:
 

 A cause of action, when used in the context of the peremptory exception, is defined as the operative facts that give rise to the plaintiffs right to judicially assert the action against the defendant.
 
 Everything on Wheels Subaru, Inc. v. Subaru South, Inc.,
 
 616 So.2d 1234, 1238 (La.1993). The function of the peremptory exception of no cause of action is to test the legal sufficiency of the petition, which is done by determining whether the law affords a remedy on the facts alleged in the pleading.
 
 Id.
 
 at 1235. No evidence may be introduced to support or controvert an exception of no cause of action. La. C.C.P. art. 931. Consequently, the court reviews the pe
 
 *538
 
 tition and accepts well-pleaded allegations of fact as true.
 
 Jackson v. State ex rel. Dept. of Corrections,
 
 00-2882, p. 3 (La.5/15/01), 785 So.2d 803, 806;
 
 Everything on Wheels Subanq
 
 616 So.2d at 1235. The issue at the trial of the exception is whether, on the face of the petition, the plaintiff is legally entitled to the relief sought.
 
 Montalvo v. Sondes,
 
 93-2813, p. 6 (La.5/23/94), 637 So.2d 127, 131.
 

 Louisiana has chosen a system of fact pleading. La. C.C.P. art. 854 cmt. (a);
 
 Montalvo
 
 at p. 6, 637 So.2d at 131. Therefore, it is not necessary for a plaintiff to plead | mthe theory of his case in the petition.
 
 Kizer v. Lilly,
 
 471 So.2d 716, 719 (La.1985). However, the mere conclusions of the plaintiff unsupported by facts does [sic] not set forth a cause of action.
 
 Montalvo
 
 at p. 6, 637 So.2d at 131.
 

 The burden of demonstrating that the petition states no cause of action is upon the mover.
 
 City of New Orleans v. Board of Com’rs of Orleans Levee Dist.,
 
 93-0690, p. 28 (La.7/5/94), 640 So.2d 237, 253. In reviewing the judgment of the district court relating to an exception of no cause of action, appellate courts should conduct a
 
 de novo
 
 review because the exception raises a question of law and the lower court’s decision is based solely on the sufficiency of the petition.
 
 Fink v. Bryant,
 
 01-0987, p. 4 (La.11/28/01), 801 So.2d 346, 349;
 
 City of New Orleans
 
 at p. 28, 640 So.2d at 253. The pertinent question is whether, in the light most favorable to plaintiff and with every doubt resolved in plaintiffs behalf, the petition states any valid cause of action for relief.
 
 City of New Orleans
 
 at p. 29, 640 So.2d at 253.
 

 La. C.C. article 1953 states:
 

 Fraud is a misrepresentation or a suppression of the truth made with the intention either to obtain an unjust advantage for one party or to cause a loss or inconvenience to the other. Fraud may also result from silence or inaction.
 

 La. C.C.P. article 856 states that when pleading fraud, the circumstances constituting fraud shall be alleged with particularity. In his amended third party demand, Mr. Margulis has not alleged with particularity how Ms. Embry and Ms. Mangham misrepresented or suppressed the truth in their efforts to purchase the properties at 831-33 and 837 Bartholomew between April 2006 and September 21, 2006. His allegations that the actions of Ms. Embry and Ms. Mangham were fraudulent are merely conelusory and, therefore, insufficient to set forth a cause of action under La. C.C. article 1953.
 

 InThe amended third party demand also does not set forth a cause of action under the Louisiana Unfair Trade Practices Act (“LUTPA”) at La. R.S. 51:1401
 
 et seq.
 
 La. R.S. 51:1405(A) provides that “[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful.” As explained in
 
 Jefferson v. Chevron U.S.A., Inc.,
 
 98-0254, 97-2436 (La.App. 4 Cir. 5/20/98), 713 So.2d 785, 792-793:
 

 LUTPA provides a cause of action both for trade practices which are “unfair” and those which are “deceptive.” An act is not required to be both unfair and deceptive. What constitutes unfair and/or deceptive practices is not specifically defined, but is determined on a case by case basis.
 
 Wyatt v. P02, Inc.,
 
 26,675 (La.App. 2 Cir. 3/1/95), 651 So.2d 359,
 
 mit denied,
 
 95-0822 (La.5/5/95), 654 So.2d 331.
 

 The statutory definition of an “unfair” practice is broad and subjectively stated and does not specify particular violations. Jar
 
 rell v. Carter,
 
 577 So.2d 120,
 
 *539
 
 123 (La.App. 1st Cir.1991),
 
 writ denied
 
 582 So.2d 1311 (La.1991). A practice is unfair when it offends established public policy and when the practice is unethical, oppressive, unscrupulous, or substantially injurious.
 
 Jarrell v. Carter,
 
 577 So.2d at 123. What constitutes an unfair trade practice is to be determined on a case-by-case basis.
 
 Monroe Medical Clinic, Inc. v. Hospital Corp, of America,
 
 522 So.2d 1362, 1365 (La.App. 2nd Cir.1988).
 

 A trade practice is “deceptive” for purposes of LUTPA when it amounts to fraud, deceit or misrepresentation.
 
 United Group of Nat. Paper Distributors, Inc. v. Vinson,
 
 27,739 (La.App. 2 Cir. 1/25/96), 666 So.2d 1338, 1346,
 
 writ denied,
 
 96-0714 (La.9/27/96), 679 So.2d 1358.
 

 LUTPA does not prohibit sound business practices, the exercise of permissible business judgment or appropriate free enterprise transactions.
 
 Harris v. Poche,
 
 2005-0664, p. 7 (La.App. 4 Cir. 4/12/06), 930 So.2d 165, 171.
 

 112Mr. Margulis argues on appeal that his amended third party demand sufficiently alleges that the actions of Ms. Em-bry and Ms. Mangham, in them efforts to acquire the subject properties from April 2006 to September 21, 2006, were in violation of the LUTPA. We disagree. The amended third party demand merely sets forth allegations regarding numerous attempts made by Ms. Embry and Ms. Mangham to acquire ownership of the subject properties during that time period. While Mr. Margulis alleges that Ms. Em-bry and Ms. Mangham were aggressive and persistent in their efforts to acquire ownership of the properties, he has not set forth any facts to support his conclusion that the actions of Ms. Embry and Ms. Mangham were unfair or deceptive. Furthermore, his allegations that Ms. Embry and Ms. Mangham wanted to purchase the properties to deprive Mr. Margulis of his rights under the agreement at issue are merely eonclusory.
 

 Similarly, Mr. Margulis has failed to set forth any facts supporting his claim that Ms. Embry or Ms. Mangham intentionally interfered with his contract with the former owners of the subject properties. Other than the trial court’s interlocutory judgment holding that the agreement at issue is not a bond for deed, the trial court has not yet ruled on the nature of the agreement formerly between Mr. Margulis and the Chapmans and now between Mr. Margulis and 831 and 837 Bartholomew or on Mr. Margulis’ rights under that agreement. Throughout these proceedings, Mr. Margulis has continued to occupy the residence located at 837 Bartholomew Street.
 

 The amended third party demand also does not state a cause of action for breach of contract against Ms. Embry and Ms. Mangham. Mr. Margulis alleged that Ms. Embry and Ms. Mangham are in bad faith breach of contract for their actions taken prior to September 19, 2006. 831 and 837 Bartholomew, the | ^companies managed by Ms. Embry and Ms. Mangham, did not acquire the subject properties until September 20, 2006. Because no contract between 831 and 837 Bartholomew and Mr. Margulis existed prior to September 19, 2006, there can be no breach of contract claim against Ms. Embry and Ms. Mang-ham.
 

 We also find no merit in Mr. Mar-gulis’ argument that the amended third party demand sets forth a valid cause of action under the Louisiana Limited Liability Statute, La. R.S. 12:1301
 
 et seq.
 
 The amended third party demand alleges that Ms. Embry and Ms. Mangham attempted to shield themselves from personal liability for their alleged willful, intentional, wrongful and deceptive practices prior to September 19, 2006 by forming four entities
 
 *540
 
 (plaintiffs in the original petition) to purchase the subject properties.
 

 A member of a limited liability company is generally not liable for the debts, obligations or liability of the company. La. R.S. 12:1320 B. An exception to this rule is set forth in La. R.S. 12:1320 D, which states: “Nothing in this Chapter shall be construed as being in derogation of any rights which any person may by law have against a member, manager, employee, or agent of a limited liability company because of any fraud practiced upon him, because of any breach of professional duty or other negligent or wrongful act by such person, or in derogation of any right which the limited liability company may have against any such person because of any fraud practiced upon it by him.”
 

 As stated above, the amended third party demand does not set forth with particularity how the actions of Ms. Embry and Ms. Mangham constituted fraud and does not assert facts supporting the allegations that the actions of Ms. Embry and Ms. Mangham were unfair or deceptive. Because Mr. Margulis has not sufficiently pled fraud, negligence or wrongful conduct on the part of Ms. Embry | ]4or Ms. Mang-ham, he has not stated a cause of action for the personal liability of the third party defendants under La. R.S. 12:1320 D.
 

 For the reasons stated above, we find that the trial court correctly granted the exception of no cause of action as to Mr. Margulis’ amended third party demand and dismissed his claims against Ms. Em-bry and Ms. Mangham with prejudice. The trial court judgment of January 28, 2008 is hereby affirmed. This case is remanded to the trial court for further proceedings.
 

 AFFIRMED.
 

 [1]
 

 . If die trial court had designated these two judgments as final and appealable, which it did not, Mr. Margulis' amended motion for devolutive appeal would have been untimely
 
 *537
 
 as to the September 14, 2007 and September 21, 2007 judgments because it was filed more dían sixty days after those judgments were rendered.