MAX N. TOBIAS, JR., Judge.
hln this appeal, the appellant, Benjamin Milburn (“Milburn”), seeks review of the trial court judgment granting the appel-lee’s exceptions of prematurity and no cause of action. Specifically, Milburn argued that the trial court erred in finding that a valid mediation agreement exists between the parties, resulting in the improper granting of the exception of prematurity. Additionally, he contended that the trial court erred in finding that Charles Emanuele (“Emanuele”) is not a proper party in the proceedings, thus resulting in the improper granting of the exception of no cause of action. For the following reasons, we vacate the portion of the judgment granting the exception of prematurity and reverse the portion of the judgment granting the exception of no cause of action.
*640 Milburn filed a petition alleging that he entered into a contract with Emanuele, a building contractor, of Square Deal Residential Contractor, L.L.C. (“SDRC”) for renovations to be performed to his home, Mr. Milburn contended that although he paid Emanuele and the work commenced, the work was not performed in a workmanlike manner. Further, he averred that Emanuele, as contractor, failed to complete the work specified in the contract. Milburn alleged |2that he notified Emanuele of the problems and requested that Emanuele remedy the problems. Mil-burn claimed that Emanuele failed to remedy the problems.
In response, Emanuele filed several exceptions, including an exceptions of prematurity, no right of action, and no cause of action. After a hearing, the trial court granted the exception of prematurity, denied the exception of no right of action, and granted the exception of no cause of action. This timely appeal followed.
The granting of a dilatory exception of prematurity is reviewed using the manifest error standard. Jefferson Door Co., v. Cragmar Const, L.L.C., 11-1122, p. 3 (La.App. 4 Cir. 1/25/12), 81 So.3d 1001, 1004. We review the granting of a peremptory exception of no cause of action de novo. 831 Bartholomew Investments-A, L.L.C. v. Margulis, 08-0559, pp. 9-10 (La.App. 4 Cir. 9/2/09), 20 So.3d 532, 537-38.

Dilatory exception of prematurity

Milburn first argues that the mediation clause in the contract between them is not valid. Emanuele responds that the mediation clause is valid and enforceable.
Both parties relied on the contract to support their argument. However, our review of the record reveals that while a copy of the contract was attached to the petition and to the memorandum in support of the exceptions, neither party mtro-duced the contract into evidence during the hearing. “Evidence not properly and officially offered and introduced cannot be considered, even if it is physically placed in the record.” In re: Helm, 11-0500, p. 5 (La.App. 4 Cir. 11/2/11), 84 So.3d 601, citing Denoux v. Vessel Mgmt. Servs., Inc., 07-2143, p. 6 (La.5/21/08), 983 So.2d 84, 88. Thus, while the contract was physically | .-¡placed in the record, we lack authority to consider the contract as evidence. We therefore vacate the portion of the trial court’s judgment granting the exception of prematurity. See Porter v. Louisiana Citizens Property Ins. Corp., 11-0101, p. 5 (La.App. 4 Cir. 8/31/11), 72 So.3d 946, 949 (wherein this court vacated a judgment granting an exception when the party failed to introduce evidence supporting the exception.).

Peremptory exception of no cause of action

Next, Milburn argues that the trial court erred in granting the exception of no cause of action. He notes that his petition alleges that Emanuele, as contractor, entered into a contract in his individual capacity. Emanuele counters that the contract for renovations was entered into by Milburn and SDRC, contending the entire contract reveals that the intent of the parties was for Milburn to enter into a contract with only SDRC.
Milburn’s petition alleges that he entered into a contract with Emanuele, as contractor. Further, he contended that in spite of receiving payment, Emanuele did not perform as agreed in the contract. An exception of no cause of action is reviewed based upon the four corners of the petition together with the attachments to the petition. 831 Bartholomew Investments-A, L.L.C. v. Margulis, supra at p. 9-10, 20 So.3d at 537-38; Hines v. Hines, 07-0156, *641 07-0157, 07-0164 (La.App. 4 Cir. 9/26/07), 968 So.2d 212, 213, citing Everything on Wheels Subaru, Inc. v. Subaru South, Inc., 616 So.2d 1234, 1235 (La.1993); La. C.C.P. art. 853. The allegations of Milburn’s petition are accepted as true only for the purpose of the exception of no cause of action. We find that the petition is legally sufficient as the law affords a remedy based on the facts alleged in the pleading. Emanuele’s argument on the exception is based on the contract and the intent of the parties in | ^confecting the contract.[1] Even if the parties had properly offered the contract into evidence, no evidence may be introduced in support of the exception of no cause of action. See La. C.C.P. art. 931.
Based upon our de novo review, we find that the trial court committed legal error by granting the exception of no cause of action.

Conclusion

Accordingly, the portion of the trial court judgment granting the dilatory exception of prematurity is vacated; the portion of the trial court judgment granting the peremptory exception of no cause of action is reversed; and the matter is remanded for further proceedings consistent with this opinion.
VACATED IN PART, REVERSED IN PART, REMANDED.

. La. R.S. 12:1320 states:
A. The liability of members, managers, employees, or agents, as such, of a limited liability company organized and existing under this Chapter shall at all times be determined solely and exclusively by the provisions of this Chapter.
B. Except as otherwise specifically set forth in this Chapter, no member, manager, employee, or agent of a limited liability company is liable in such capacity for a debt, obligation, or liability of the limited liability company.
C. A member, manager, employee, or agent of a limited liability company is not a proper party to a proceeding by or against a limited liability company, except when the object is to enforce such a person’s rights against or liability to the limited liability company.
D.Nothing in this Chapter shall be construed as being in derogation of any rights which any person may by law have against a member, manager, employee, or agent of a limited liability company because of any fraud practiced upon him, because of any breach of professional duty or other negligent or wrongful act by such person, or in derogation of any right which the limited liability company may have against any such person because of any fraud practiced upon it by him.