THERIOT, J. |2The defendant-appellant, Seneca Leonard Taylor, appeals a judgment rendered by the Family Court for the Parish of East Baton Rouge (“the Family Court”) in favor of the plaintiff-appellee, Seanice Etienne, granting Ms. Etienne’s rule for spousal support arrearages and finding Mr. Taylor in arrears for unpaid spousal support in the sum of $25,280.00. For the following reasons, we vacate and remand. FACTS AND PROCEDURAL HISTORY Mr. Taylor and Ms. Etienne were married in September of 2002. On March 17, 2011, Ms. Etienne filed a petition for divorce against Mr. Taylor in accordance with La. C.C. art. 103(1). Ms. Etienne was granted an absolute divorce from Mr. Taylor by judgment signed on March 31, 2011. Ms. Etienne did not make a claim for spousal support in her petition for divorce, and the judgment of divorce does not contain any order pertaining to spousal support. On June 15, 2016, Ms. Etienne filed a rule for spousal support arrearages against Mr. Taylor. Ms. Etienne claimed she and Mr. Taylor had entered into a post-nuptial contractual agreement settling all matters incidental to their divorce (“the marital settlement agreement”). Ms. Eti-enne alleged that Mr. Taylor was thereby contractually obligated to pay spousal support to her in the amount of $1,000.00 per month or 33% of his net pay per month, whichever is greater. Ms. Etienne claimed Mr. Taylor failed to satisfy his support obligation and was in arrears, as of the date of the filing, in the sum of $47,280.00. Ms. Etienne prayed, inter alia, that the Family Court find Mr. Taylor in arrears and order him to pay her the past-due amount, plus legal interest. Ms. Etienne’s rule for spousal support arrearages came before the Family Court for a hearing on July 5, 2016. Ms. Etienne was the only | ¡¡person to appear before the Family Court at the hearing. In open court, the Family Court found that, based upon the arrearage worksheet compiled by Ms. Etienne and the terms of the marital settlement agreement, the total amount payable to Ms. Etienne was $36,000.00. The Family Court further found -that Mr. Taylor had already paid $10,720.00 of this sum. The Family Court thus ruled that spousal support arrearages be set in the total amount of $25,280.00, plus legal interest. That same day, on July 5, 2016, the Family Court signed a written judgment ordering that spousal support arrearages be set in the amount of $25,280.00, together with legal interest on each payment on the date due until paid; ordering that the spousal support arrearage be made execu-tory; ordering that an income assignment order be issued immediately for the payment of-spousal support arrearages; and ordering that Mr. Taylor be cast with court costs. Mr. Taylor now appeals. ASSIGNMENTS OF ERROR Mr. Taylor raises the following assignments of error; ■' 1. The Family Court erred in granting ' spousal support when no demand for spousal support was made. 2. The Family Court erred in granting an order of arrearages when no judgment of spousal. support had been issued. 3. The Family Court erred in granting spousal support arrearages based upon a post-nuptial agreement which was not in proper form. 4. The Family Court erred in granting a judgment of arrears as no evidence was properly introduced at the hearing. 5. The Family Court erred in issuing an income assignment order as no order of support had been issued. 6. • The Family Court erred in granting an income assignment order as the law does not provide for such relief in cases of spousal support. LAW AND DISCUSSION Initially, before considering any questions pertaining to the law governing income assignment orders or the. validity, interpretation, or ^enforceability of the post-nuptial marital settlement agreement entered between Mr. Taylor and Ms. Eti-enne, we must first consider whether the Family Court erred in- granting Ms. Eti-enne’s rule for spousal support arrearages on evidentiary grounds. This question is raised by Mr. Taylor on appeal in his fourth assignment of error, wherein he argues that the Family Court erred in granting Ms. Etienne’s ■ rule for spousal support arrearages against-him, reasoning there' was no evidence introduced at the hearing on the rule for spousal support arrearages. We agree. Louisiana jurisprudence holds that when an obligation is based on a writing, prima facie proof of the obligation requires introduction of the writing into evidence. See Arias v. Stolthaven New Orleans, LLC, 08-1111 (La. 5/5/09), 9 So.3d 815, 822 (citing Ascension Builders, Inc. v. Jumonville, 262 La. 519, 263 So.2d 875, 878 (1972)). It has been held that “a plaintiff who knows of a writing which is the principal basis for his claims must produce it when it is the best evidence of the facts at issue.” Id. Ms. Etienne clearly relies upon the terms of the marital settlement agreement in support of her rule for spousal support arrearages. However, our review of the record reveals that although Ms. Etienne attached a copy of the martial settlement agreement to her rule for spousal support arrearages, she did not offer -or introduce the agreement into evidence at the hearing on the rule for spousal support - arrearages. It is well-settled that “[ejvidence not properly and officially offered and introduced cannot be considered, even if it is- physically placed in the record.” Denoux v. Vessel Management Services, Inc., 07-2143 (La. 5/21/08), 983 So.2d 84, 88. Thus, although the marital support agreement was physically placed in the record, we lack authority to consider the agreement as evidence, and we have no choice but to vacate the Family Court’s judgment and remand this] R matter for further- proceedings. See and compare Milburn v. Emanuele, 12-0235 (La. App. 4 Cir. 6/13/12), 96 So.3d 638, 640, (wherein the appellate court vacated a ruling on a dilatory exception of prematurity premised upon the terms of a contract attached to the pleadings but not offered into evidence at the hearing on the exception). Mr. Taylor’s fourth assignment of error has merit,[1] DECREE For the foregoing reasons, we vacate the Family Court’s July 5, 2016 judgment and remand this matter to the Family Court for. further proceedings consistent with this opinion. All costs of this appeal are assessed to the plaintiff-appellee, Seanice Etienne. VACATED; REMANDED. HIGGINBOTHAM, J., DISSENTS AND ASSIGNS WRITTEN REASONS. . In light of our findings on this point, we pretermit consideration of all remaining assignments of error.'