MOLAISON, J.
The plaintiffs appeal a judgment that granted the defendant's exception of no cause of action. We affirm.
*1223 STATEMENT OF THE CASE
According to the record before us, on January 30, 2008, plaintiffs/appellants, Tracy Vince and JoAnn Vince, individually and on behalf of Southland Express, L.L.C. ("Southland"), entered into a "Business Manager Agreement" with defendant, Metro Rediscount Company, Inc. ("Metro"), pertaining to the sale of certain receivables arising from the "sales or services to [Southland's customers.]"[1] The contract provided that Metro would "retain a portion of the sums payable" from Metro to Southland "to provide for satisfaction of [Southland's] Repurchase Obligation." Trace Vince and JoAnn Vince acted as personal guarantors for the contract, which was accepted by Frank Adolf ("Adolf"), in his capacity as president of Metro. Also executed on January 30, 2008, were three separate commercial security agreements in favor of Metro by Southland, JoAnn Vince, individually, and Tracy Vince, individually.[2]
On December 31, 2012, plaintiffs/appellants, Tracy Vince and JoAnn Vince, individually and on behalf of Southland, filed a petition in the Twenty-Fourth Judicial District Court for damages against defendants, Metro, appellee Brian Brennan ("Brennan"), and Adolf, alleging that defendants owed Southland a balance of $527,101.57 on an open account. On March 18, 2013, defendants filed an answer, as well as exceptions of no cause of action and no right of action. The trial court granted defendants' exceptions on September 17, 2013, and gave leave for appellants to amend and supplement their petition "at any time" prior to when the matter was set for trial.
Appellants filed their first amended and supplemental petition for damages on September 1, 2016. On October 19, 2016, Brennan filed an answer to Southland's amended and supplemental petition, and also set forth various exceptions, raised affirmative defenses and asserted cross-claims against defendants Adolph, Metro, and Metro Rediscount Company of Kenner II, L.L.C. ("Metro II"),[3] as Metro's successor in interest. On November 3, 2017, Brennan filed a "motion for summary judgment and/or exception of no cause of action", which was heard by the trial court on December 13, 2017.[4] On that same date, *1224 the trial court granted Brennan's exception of no cause of action, dismissing all claims against him with prejudice. The trial court further determined that Brennan's motion for summary judgment was moot. Appellants thereafter timely sought the instant devolutive appeal.
ARGUMENTS AND ANALYSIS
Appellants' sole assignment of error is that the trial court erred in granting Brennan's exception of no cause of action, when the petition and amended petition alleged sufficient facts to establish causes of action for fraud and the liability of Brennan as a corporate officer.
The function of an exception of no cause of action is to test the legal sufficiency of a petition by determining whether the law affords a remedy on the facts alleged in the pleadings. City of New Orleans v. Bd. of Dirs. of the La. State Museum , 98-1170 (La. 3/2/99), 739 So.2d 748, 755. No evidence may be introduced at any time to support or controvert the objection that the petition fails to state a cause of action. La. C.C.P. art. 931. Therefore, an exception of no cause of action is triable solely on the face of the petition.
In reviewing a trial court's ruling sustaining an exception of no cause of action, the appellate court should subject the case to de novo review because the exception raises a question of law and the lower court's decision is based only on the sufficiency of the petition. City of New Orleans v. Bd. of Comm'rs , 93-0690 (La. 7/5/94), 640 So.2d 237, 253. "[A]n exception of no cause of action must be overruled unless the allegations of the petition exclude every reasonable hypothesis other than the premise upon which the defense is based; that is, unless plaintiff has no cause of action under any evidence admissible under the pleadings." Haskins v. Clary, 346 So.2d 193, 195 (La. 1977).
In appellants' original petition, Brennan was named as a defendant and identified as "Officer/Vice-President/Secretary of Metro Rediscount Company, Inc." Adolph was identified as the "Officer/President" of Metro. The factual allegations in the original petition, in summary, were that Southland contracted with Metro to collect payments from Southland's customers in Jefferson Parish. At a certain point in time, payments to Southland from Metro started to be returned from the bank for non-sufficient funds. Southland contacted Adolph directly and "requested he immediately cease accepting payments from Southland's customers." Southland alleged that Adolf continued to collect Southland's customer payments and submit checks to Southland that were returned by the bank as non-sufficient. Southland claimed that it terminated its relationship with Metro while Metro still allegedly owed it customer funds in the amount of $527,101.57.
The only factual allegation pertaining to Brennan in the original petition was that, "Joann Vince has also spoken to Metro's other Officer/Vice-President/Secretary, Brian Brennan, on multiple occasions who continues to indicate Adolf will handle this outstanding matter with Southland directly."
In its first and supplemental petition for damages, with respect to Brennan, Southland asserted that:
When payments received by Southland from Metro began to be returned from the bank as non-sufficient, Southland contacted Metro, through defendants, Frank Adolf and Brian Brennan, and *1225 requested they immediately cease accepting payments from Southland's customers. Those requests were ignored. Defendants, despite knowing that they had no authority to do so, continued to fraudulently collect Southland customer payments and failed to notify Southland that they were collecting customer payments on accounts never assigned to them and for which Metro had no authority to endorse. Defendants continued to submit checks to Southland that defendants knew were not backed by sufficient funds and would not be honored, thereby misrepresenting their value to Southland. Adolf and Brennan, acting through Metro, intentionally deceived and defrauded Southland through these worthless checks and the continued unauthorized collection of payments owed to Southland.
...
The scheme of intentional fraud by Frank J. Adolph and Brian Brennan, performed through Metro, makes them personally liable for the damages caused thereby and all amounts owed to third party creditors such as plaintiffs herein as well as attorneys' fees and punitive damages as permitted by law.
On its face, the supplemental petition first alleges that Brennan's role in causing the alleged damages was in his capacity as an Officer/Vice President/Secretary. However, the petition also alleges that certain acts of intentional fraud committed by Brennan through Metro make him personally liable to appellants.
In opposing Brennan's exception of no cause of action below, appellants argued:
As shown above, the plaintiff alleged the existence of a business relationship and the repeated issuance of bad checks by the Defendants and the repeated assurances by the Defendants that they would make the checks good. Even after the Plaintiffs tried to stop the Defendants from gaining access to the new checks issued by customers, the Defendants continued to cash the checks. Taking these allegations as true for the Exception of No Cause of Action, the Plaintiffs have set forth sufficient allegations to support a cause of action for fraud. Therefore, the Exception of No Cause of Action should be denied.
...
On the fact [sic] of the pleadings, Brian Brennan was identified as a corporate officer. It is clear from the pleadings that Metro owed Southland a duty of care. It is also clear from the pleadings that the duty was at least in part delegated to Brian Brennan as he was in regular communication with Southland especially over the bounced checks: The allegations in the pleadings indicate that Brian Brennan simply did nothing about the problem.
Brennan, however, asserts that appellants have failed to plead facts that would support his personal liability for the corporation's acts.
Corporations are distinct legal entities, separate from the individuals who comprise them. La. R.S. 12:219. Thus, if the officers and directors do not purport to bind themselves individually, they do not incur personal liability for the debts of the corporation. An exception to this rule arises when an officer or director, acting through the corporation, defrauds or deceives a third party. Young v. Adolph , 02-67 (La. App. 5 Cir. 5/15/02), 821 So.2d 101, 107. Thus, in the instant case, in order for appellants to effectively assert a cause of action against Brennan in his personal capacity, the petition would need to allege that Brennan committed an act of fraud as an officer of Metro while having a personal duty toward them, beyond a general administrative responsibility. See , *1226 Manning v. United Med. Corp., 04-0035 (La. App. 4 Cir. 4/20/05), 902 So.2d 406.
La. C.C. art. 1953 defines fraud as "a misrepresentation or a suppression of the truth made with the intention either to obtain an unjust advantage for one party or to cause a loss or inconvenience to the other." Fraud may result from silence or inaction. To prevail on an action for fraud in this case, appellants must show by a preponderance of the evidence that they reasonably relied upon and were injured by a misrepresentation of a material fact made by Brennan with the intent to deceive. In pleading fraud, the circumstances constituting fraud must be alleged with particularity. La. C.C.P. art. 856. The specific intent to deceive is a necessary element of fraud, and fraud cannot be predicated upon mistake or negligence. Terrebonne Concrete, L.L.C. v. CEC Enters., L.L.C., 11-0072 (La. App. 1 Cir. 8/17/11), 76 So.3d 502, 509, writ denied sub nom., 11-2021 (La. 11/18/11), 75 So.3d 464.
Notably, the acts alleged in appellants' original petition do not differ in the amended petition. What does differ in the amended petition is appellants' assertion that Brennan had joined Adolph in the previously alleged acts of continuing to collect payments from Southland's customers without authorization and writing checks to Southland that were not backed with sufficient funds. Also, Southland ties all of the alleged acts together under a common scheme of fraud.
"Louisiana has chosen a system of fact pleading." 831 Bartholomew Investments-A, L.L.C. v. Margulis , 08-0559 (La. App. 4 Cir. 9/2/09), 20 So.3d 532, 538. "Therefore, it is not necessary for a plaintiff to plead the theory of his case in the petition." Id. at 538. "However, the mere conclusions of the plaintiff unsupported by facts does [sic] not set forth a cause of action." Id. A court may not consider legal conclusions "clothed as fact." Hooks v. Kennedy , 06-0541 (La. App. 1 Cir. 5/4/07), 961 So.2d 425, 431-32, writ denied , 07-1788 (La. 11/9/07), 967 So.2d 507. Simply stated, courts "are not compelled to accept a party's legal conclusions as facts." Id. at 432.
Louisiana recognizes four exceptions where a director can be held personally liable for a corporation's negligence. The personal duty requirement was detailed by the Louisiana Supreme Court in Canter v. Koehring Co., 283 So.2d 716 (La. 1973),[5] as part of the fourth exception, which is stated as follows:
With regard to the personal (as contrasted with technical or vicarious) fault, personal liability cannot be imposed upon the officer, agent, or employee simply because of his general administrative responsibility for performance of some function of the employment. He must have a personal duty towards the injured plaintiff, breach of which specifically has caused the plaintiff's damages. If the defendant's general responsibility has been delegated with due care to some responsible subordinate or subordinates, he is not himself personally at fault and liable for the negligent performance of this responsibility unless he personally knows or personally should know of its non-performance or mal-performance and has nevertheless failed to cure the risk of harm.
Id. at 721.
In B-G & G Investors VI, L.L.C. v. Thibaut HG Corp. , 08-0093 (La. App. 4 Cir. 5/21/08), 985 So.2d 837, the Fourth Circuit considered the issue of whether *1227 corporate officers owed a personal duty to the plaintiff in a breach of contract case. In that matter, the plaintiff had entered into a purchase agreement for an apartment complex with defendant, Thibaut HG Corporation. After a survey revealed the existence of a fourteen-foot encroachment on the driveway that could limit the number of parking spaces available, the plaintiff sued Thibaut HG Corporation, and two of its corporate officers, alleging that defendants had intentionally and/or negligently withheld information concerning the encroachment. The corporate officers filed an exception of no cause of action, which the trial court granted. On appeal, the court upheld the granting of the exception, reasoning:
Regarding the tort claim, we note that Louisiana law does not generally recognize a cause of action by third parties against officers or directors of a corporation for tortious conduct (negligence, mismanagement, breach of fiduciary duty, etc.) attributable to the corporation, or for the debts of the corporation. See La. R.S. 12:93 (B) ; Manning v. United Medical Corp. of New Orleans , 04-0035, p.7 (La. App. 4 Cir. 4/20/05), 902 So.2d 406, 411. In Manning , this court held that personal liability cannot be imposed upon a corporate officer simply because of the officer's general administrative responsibility for the performance of some corporate function; instead, the officer must have a personal duty towards the plaintiff. Id. In the instant case, the petition does not allege any such personal duty on the part of Mr. Thibaut or Ms. Rusch. In fact, all the allegations of the petition are asserted against all three defendants collectively, lumping the two individual defendants in with the corporation. Therefore, on the face of the petition, it does not state a cause of action in tort against Mr. Thibaut or Ms. Rusch.
Id. at 841-42.
In the instant case, appellants' petition does not allege that Brennan is an owner of Metro or Metro II, nor does the petition allege that Brennan was a signatory to the contract entered into between appellants and Metro. Appellants do not state in the petition that Brennan himself serviced the Southland account, issued insufficient checks from Metro to Southland, or improperly contacted Southland's customers to collect payment.
In appellants' original petition, the only allegation against Brennan was that he told appellants that Adolph would "handle" the "outstanding matter with Southland directly." Nowhere in the petition does the word "fraud" appear. In their amended petition, appellants set forth the same basic set of facts alleged against Adolph in the original petition, except the actions were re-classified as fraudulent, and Brennan was accused of having the same liability as Adolph. We find that, on the face of the petition, appellants failed to plead, with particularity, sufficient facts by Brennan that constituted fraud. Instead, similar to the facts of B-G & G Investors VI, L.L.C., supra , the petition in the instant case "lumps in" Brennan with the co-defendants, Adolph and Metro, but does not allege with any specificity which acts were allegedly performed by Brennan.
Next, appellants have not alleged facts that indicate Brennan owed them any personal duty as a corporate officer. As discussed above, the petition itself does not establish that Brennan had responsibilities at Metro beyond those of a "general administrative" nature. Thus, we cannot say that appellants' petition asserts any personal duty to them by Brennan.
Based on the foregoing, and following our de novo review, we cannot say *1228 that the trial court erred in finding that the law does not afford a remedy to appellants against Brennan for personal liability, based on the alleged facts. Further, in light of the fact that appellants were previously granted leave to amend their original petition, we see no error in the trial court's refusal to allow appellants to amend the petition a second time.[6] See La. C.C.P. art. 934.[7]
Decree
The judgment of the trial court, dismissing Brennan from the proceedings with prejudice, is affirmed.
AFFIRMED

The agreement was attached as Exhibit 5 to appellant's original petition.

The three commercial security agreements were attached to appellant's original petition as Exhibits 6A, 6B, and 6C.

The record before us indicates that Adolph, Metro, and Metro II also filed an answer and exceptions to appellants' amended and supplemental petition for damages; however, it does not appear that those particular claims had been ruled upon by the trial court prior to this appeal.

Brennan filed a "hybrid" "motion for summary judgment and/or exception of no cause of action" in a single pleading. A "hybrid" pleading, which uses two separate evidentiary standards, and which the trial hears simultaneously, creates a scenario whereby the trial court may have evidence before it appropriate for one motion (i.e. summary judgment) and not the other (i.e. exception of no cause of action.) The fluidity of the proceedings was articulated by Brennan's counsel at the hearing itself, "[w]e are here on an exception of no cause of action and also motion for summary judgment either together or any alternative, however the case may be."
An exception of no cause of action is triable solely on the face of the petition. Here, no evidence was formally introduced into the record at the December 13, 2017 hearing. Further, the trial court clearly made its ruling in the context of Brennan's exception of no cause of action. It cannot be determined from the record what the trial court's reasons were for granting Brennan's exception of no cause of action, or on what considerations its judgment was based upon. However, in this case, we do not find that the evidence attached to the motion for summary judgment was "admitted" at the hearing for purposes of the exception of no cause of action and, therefore, the pleadings have not been enlarged for purposes of the exception. Accordingly, for purposes of our de novo review of the exception, we limit our review to the petition and amended petition.

This decision was superseded on other grounds by an amendment to La. R.S. 23:1032 as recognized in Walls v. American Optical Corp. , 98-0455 (La. 9/8/99), 740 So.2d 1262, 1265.

At the conclusion of the December 13, 2017 hearing on the exception of no cause of action, the trial court stated:
... The Court is going to grant the exception of no cause of action as it relates to Brian Brennan. In light of the fact that this exception has already been granted and time has been given and the petition has been already amended, the Court is going to again grant that exception and not allow any further amendment of the pleading as it relates to Brian Brennan. The Court therefore grants it and dismisses the case as it relates to Brian Brennan personally.

This article provides: "If the grounds of the objection raised through the exception cannot be so removed, or if the plaintiff fails to comply with the order to amend, the action, claim, demand, issue, or theory shall be dismissed."